UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEROME GIVENS,

      Plaintiff,

  v.

AMF TERRACE GARDENS LANES,

      Defendant.

<u>DECISION & ORDER</u>

04-CV-6586CJS

---

    By order dated March 28, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 7).  Plaintiff Jerome Givens has filed suit against defendant AMF Terrace Garden Lanes pursuant to Title VII of the Civil Rights Act of 1964, alleging that he was discriminated against on the basis of his race.  (Docket # 1).  Currently before this Court are plaintiff's motion for the appointment of counsel (Docket # 28), and Request for Admissions (Docket # 27).

    **A.  <u>Appointment of Counsel</u>:**  Pursuant to Title 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  This statute is understood to "guarantee [] meaningful access to the courts as required by the Constitution."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)).  Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel.  *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)).  In determining whether to appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to obtain counsel.  *Id.* at 61.  *See also Terminate Control Corp. v.*

*Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant is able to afford or otherwise obtain counsel).  If not, the court must then consider whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d at 61-62.  Once these two threshold determinations have been made, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination."  *Id*. (citing factors set forth in *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981)).

In this matter, plaintiff has failed to offer any basis for why the appointment of counsel would be appropriate.  Rather, he asserts only that appointed counsel is necessary because he has "also submitted a Request for Admission."  (Docket # 28).  Upon review of plaintiff's Complaint, it does not appear that the issues in this case are complex or that plaintiff will be unable to adequately litigate his claims *pro se*.  Moreover, the Court notes that there is a very limited number of local attorneys willing and able to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("Every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause").  Based on this review, plaintiff's motion for the appointment of counsel is denied without prejudice at this time.  It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**B. Request for Admissions:** The scheduling order issued by this Court on May 13, 2005, provided that "All factual discovery in this case, including depositions, shall be completed on or before October 28, 2005," and that "All motions to compel discovery shall be filed by October 14, 2005." (Docket # 14). That Order also required that all dispositive motions, if any, be filed by December 30, 2005. (Docket # 14). Indeed, defendant filed a motion for summary judgment on that date and such motion is currently pending before United States District Judge Charles J. Siragusa. (Docket # 29). Notwithstanding this Court's Scheduling Order, plaintiff's motion requesting admissions by the defendant pursuant to Federal Rules of Civil Procedure 36(a) was filed on December 28, 2005 – almost eleven weeks after the expiration of the deadline for filing such motions. Plaintiff has failed to demonstrate why this motion could not have been filed within the time period specified by the Scheduling Order, and it is therefore denied. If plaintiff believes the requested information is necessary in order to respond to defendant's motion for summary judgment, he must file the appropriate motion with the District Court pursuant to Rule 56(f) of the Federal Rules Of Civil Procedure.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for the appointment of counsel **(Docket # 28)** and Request for Admissions **(Docket # 27)** are **DENIED**.

**IT IS SO ORDERED.**

                                           _s/Marian W. Payson_
                                                   MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
          January  6 , 2006.